1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280
   Robert B. Norum, Esq., SBN 240301
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA 92660 *(Lewis, Deborah/Pleadings/Notice of Removal)*
   Tel: (949) 477-5050; Fax: (949) 477-9200
5  rfinlay@wrightlegal.net; bnorum@wrightlegal.net

6
7  Attorneys for Defendants, OCWEN LOAN SERVICING, LLC; MORTGAGE
   ELECTRONIC REGISTRATION SYSTEMS, INC. (erroneously sued as
8  MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.); and
9  DEUTSCHE BANK NATIONAL TRUST CO., AS TRUSTEE FOR MORGAN
   STANLEY ABS CAPITAL I INC. TRUST 2007-NC4 (erroneously sued
10 separately as "DEUTSCHE BANK NATIONAL TRUST CO. and MORGAN
11 STANLEY ABS CAPTIAL 1, INC.)

12          **UNITED STATES DISTRICT COURT**
13
          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
14

15 DEBORAH R. LEWIS, an individual,      ) Case No.: **CV 10-2404 SJO (Ex)**
                                         )
16            Plaintiff,                  )
17                                        ) **NOTICE OF REMOVAL OF**
                                          ) **ACTION PURSUANT TO 28**
18      vs.                               ) **U.S.C. §1441(b)**
                                          )
19                                        )
20 OCWEN LOAN SERVICING, LLC;            ) **[FEDERAL QUESTION &**
   NEW CENTURY MORTGAGE CORP.;          ) **DIVERSITY OF CITIZENSHIP]**
21 DEUTSCHE BANK NATIONAL                )
22 TRUST CO.; MORTGAGE                   )
   ELECTRONIC REGISTRATION              )
23 SYSTEM, INC.; MORGAN STANLEY         )
24 ABS CAPTIAL 1, INC.; T.D. SERVICE    )
   CO.; and DOES 1-X, inclusive,        )
25                                        )
                                          )
26            Defendants.                 )
27                                        )

28

                          -1-

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT**

2    **FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

3         **PLEASE TAKE NOTICE** that Defendants OCWEN LOAN SERVICING,

4    LLC ("Ocwen"); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

5    INC., erroneously sued as MORTGAGE ELECTRONIC REGISTRATION

6    SYSTEM, INC. ("MERS"); and DEUTSCHE BANK NATIONAL TRUST CO.,

7    AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-

8    NC4, erroneously sued separately as DEUTSCHE BANK NATIONAL TRUST

9    CO. and MORGAN STANLEY ABS CAPTIAL 1, INC. ("Deutsche Bank")

10   (collectively "Defendants"), hereby remove to this Court, the state court action

11   described below:

12        1.    On March 3, 2010, Plaintiff, DEBORAH R. LEWIS ("Plaintiff"),

13   filed a Complaint in the Superior Court of the State of California, for the County of

14   Los Angeles (the "State Court"), styled: *Lewis v. Ocwen Loan Servicing, LLC, et*

15   *al.,* Case No. GC044761 (the "State Court Action").[1]

16        **<u>REMOVAL BASED ON FEDERAL QUESTION</u>**

17        2.    The Action may be removed to this Court in accordance with 28

18   U.S.C. § 1441(b) since this Court has original jurisdiction, pursuant to 12 U.S.C. §

19   1331, over the federal questions presented in Plaintiff's Complaint. Specifically,

20   Plaintiff's Complaint asserts causes of action premised on purported violations of

21   the Truth in Lending Act (15 U.S.C. § 1611, et seq.),[2] the Real Estate Settlement

22   Procedures Act (12 U.S.C. § 2601, et seq.),[3] the Home Ownership and Equity

23   Protection Act (15 U.S.C. § 1602, et seq.),[4] and the Fair Debt Collection Practices

24   Act (15 U.S.C. § 1692, et seq.).[5]

25

26   _____

[1] A true and correct copy of the Complaint is attached hereto as Exhibit "A." True copies of all other documents
27   served on the Defendants in the State Court Action to date are attached hereto as Exhibit "B."
[2] Complaint, ¶¶ 35-41.
28   [3] Complaint, ¶¶ 42-48.
[4] Complaint, ¶¶ 49-53.
[5] Complaint, ¶¶ 54-58.

                                                    -2-

_____

                                         **NOTICE OF REMOVAL OF ACTION**

3.    The Complaint's causes of action assert the following California state law claims:

a.    Breach of Fiduciary Duty;[6]

b.    Breach of Covenant of Good Faith and Fair Dealing;[7]

d.    Injunctive Relief;[8] and

e.    Declaratory Relief.[9]

4.    To the extent each of the aforementioned causes of action is not based on a federal question, each is transactionally related to, and arises out of, the same common nucleus of operative fact as, the federal claims stated above and thus, each state law claim is subject to the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), as being part of the same case or controversy.

5.    Plaintiff's Complaint was filed on March 3, 2010; therefore, Defendants remove this case within 30 days of service and receipt of the Complaint, and within one year from the filing of the Complaint.

6.    On March 22, 2010, a Substitution of Attorney was filed in the State Court Action, substituting attorney E. Samuel Johnson, III as counsel for Plaintiff.[10]

7.    Defendant T.D. SERVICE CO. ("TD") filed a Declaration of Non-Monetary Status ("DNMS") in the State Court Action on March 23, 2010.[11]

8.    TD joins in the removal of this action.[12]

9.    Upon review of the docket in the State Court Action, Defendants are uncertain as to whether Plaintiff has effected service of process upon Defendant NEW CENTURY MORTGAGE CORP. ("New Century") and/or whether an

---

[6] Complaint, ¶¶ 59-65.
[7] Complaint, ¶¶ 66-69.
[8] Complaint, ¶¶ 70-89.
[9] Complaint, ¶¶ 90-94.
[10] A true and correct copy of the Substitution of Attorney is attached hereto as Exhibit "C."
[11] A true and correct copy of the DNMS is attached hereto as Exhibit "D."
[12] See Joinder in Removal of Action, filed concurrently herewith.

-3-

**NOTICE OF REMOVAL OF ACTION**

1    appearance has been entered by it.[13]

2    **10.**     Due to the lack of indication of service of process and/or appearances

3    by New Century, joinder by that party is premature.

4

5                                          Respectfully submitted,

6                                          WRIGHT, FINLAY & ZAK, LLP

7

8    Dated:  April 1, 2010          By:    _____

9                                          T. Robert Finlay, Esq.,

10                                         Robert B. Norum, Esq.,
                                           Attorneys for Defendants OCWEN LOAN
11                                         SERVICING, LLC; MORTGAGE
                                           ELECTRONIC REGISTRATION
12                                         SYSTEMS, INC. (erroneously sued as
                                           MORTGAGE ELECTRONIC
13                                         REGISTRATION SYSTEM, INC.); and
14                                         DEUTSCHE BANK NATIONAL TRUST
                                           CO., AS TRUSTEE FOR MORGAN
15                                         STANLEY ABS CAPITAL I INC. TRUST
16                                         2007-NC4 (erroneously sued separately as
                                           "DEUTSCHE BANK NATIONAL
17                                         TRUST CO. and MORGAN STANLEY
18                                         ABS CAPTIAL 1, INC.)

19

20

21

22

23

24

25

26

27

28

---

[13] A true and correct copy of the Docket from the State Court Action is attached hereto as Exhibit "E."

-4-

**NOTICE OF REMOVAL OF ACTION**

# EXHIBIT "A"

ORIGINAL FILED

MAR 03 2010

LOS ANGELES
SUPERIOR COURT
NORTHEAST DISTRICT

1  Deborah R. Lewis
2  735 Montana St.
   Monrovia, Ca. 91016
3  (626).283-3322
   Attorney for Plaintiff In Pro Se
4

5  SUPERIOR COURT OF THE STATE OF CALIFORNIA

6  COUNTY OF LOS ANGELES

7  Deborah R. Lewis, an individual

8                                      CASE NO: GC044761
                    Plaintiff,
9                                      Judge: _____

10  V.

11  Ocwen Loan Servicing, LLC, New      COMPLAINT
    Century Mortgage Corp.; Deutsche Bank
12  National Trust Co.; Mortgage Electronic
    Registration System, Inc.; Morgan
13  Stanley ABS Capital 1, Inc.; T.D. Service
    Co.; and Does 1-X.Inclusive
14
                    Defendants.
15

16

17

18

19  COMES NOW, Plaintiff Deborah R. Lewis, Plaintiff *In Proper Person* and hereby

20  complain and allege as follows:

21                  ALLEGATIONS COMMON TO ALL COUNTS

22      1.    PLANTIFF is a resident of the County of Los Angeles and the owner of

23
24  certain real property (hereinafter referred to as "the Property") located at 735 Montana St,

25  Monrovia, Ca 91016 and more particularly described as:

26      Lot (2) OF Tract No. 61873, In the City of Monrovia, In the County of Los Angeles,
        State of California, As Per Map Recorded in Book 1304 Pages 1 to 3 Inclusive of
27      Maps, In the office of the County Recorded of Said County.

28
        APN: 8507-010-069

                                    1
                        _____
                             Complaint

2.     DEFENDANT Deutsche Bank National Trust Co.. (hereinafter referred to as "Deutsche Bank") is doing business in the State of California and on information and belief is registered and qualified to conduct business in the State of California.

3.     DEFENDANT Ocwen Loan Servicing, LLC. (hereinafter referred to as "Ocwen"), based upon information and belief, has been doing business in the State of California and is qualified to do business in the state of California.

4.     DEFENDANT New Century Mortgage Corporation (hereinafter referred to as "New Century"), based on information and belief is a Corporation previously doing business in the State of California and is Not qualified to do business in the state of California.

5.     The Note was secured by a deed of trust for the PROPERTY, which was recorded with the County Recorder's Office for the County of Los Angeles on or about February 5, 2007, Document No. 20070248458 (hereinafter the "Deed of Trust"). The Deed of Trust identifies MERS as the Beneficiary. (Attached hereto as Exhibit "A" is a true and correct copy of the Deed of Trust.)

6.     DEFENDANT Morgan Stanley ABS Capital 1, Inc. (hereinafter referred to as "Morgan Stanley"), based on information and belief is a Corporation doing business in the State of California and is Not qualified to do business in the state of California.

7.     PLANTIFF is informed and believes, and thereon alleges, that Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (hereinafter referred to as "MERS"), was at all times mentioned herein, a Corporation organized and existing under the laws of the State of Delaware, doing business in the County of Los Angeles, State of California. PLANTIFF is informed and believes that MERS was the nominee beneficiary

2

Complaint

for NEW CENTURY under the Deed of Trust.

8.       DEFENDANT T.D. Service Company (hereinafter referred to as T.D. Service") based on information and belief, has been doing business in the State of California and is Not qualified to business in the State of California.

9.       PLANTIFF is informed and believes and thereon alleges that, at all times herein mentioned each of the defendants sued herein in relation to the property they claim an interest in was the agent and employee of each of the remaining defendants thereof and at all times was acting within the purpose and scope of such agency and employment.

10.      On or about January 30, 2007, Plaintiff executed an "Adjustable Rate Note" promising to pay New Century the sum of $488,000, by monthly payment commencing March 1, 2007.

11.      The Adjustable Rate Note was based upon a LIBOR six-month adjustable rate.

12.      PLANTIFF allege that Defendants and each of them neither explained the workings of the rate, how it is computed nor its inherent volatility.

13.      Further, on information and belief, PLANTIFF allege that the DEFENDANTS charged and obtained improper fees for the placement of her loan as "sub-prime" when she qualified for a prime rate mortgage which would have generated less in fees and interest.

14.      On information and belief, PLANTIFF allege that the service of the purported note was, without their knowledge, by some means transferred from or by DEFENDANT New Century either completely or by association or other means to Ocwen

3

00/00/0000          08:37     FIRST LEGAL SUPPORT          714 541 8182

who unknown to Plaintiff provided services in various forms to be determined to others

which were of such a nature to render them a "Servicer" within the definition found within

26 U.S.C. § 2605.

15.    PLANTIFF is informed and believes, and thereon alleges, that New Century,

upon funding the aforesaid purchase money loan, caused defendants MERS to be

recorded on title to the PROPERTY as the "Nominee Beneficiary". PLANTIFF is further

informed and believes, and on that basis alleges, that the purpose of this recording was

to hide and conceal the true identity of the successive Beneficiaries when and as the loan

was sold.

16.    Also on January 30, 2007, Plaintiff executed a "Deed of Trust" which cited

the lender as New Century.

17.    On or about February 5, 2007 the Deed of Trust was recorded with the Los

Angeles County Recorder and Fidelity National Title Co. was named as Trustee of the

Deed of Trust.

18.    Subsequently, on July 14, 2009 a substitution of Trustee was filed with the

Los Angeles County Recorder naming T.D. Service as the Trustee.

19.    On or about May 7, 2009, T.D. Service recorded a "Notice of Default and

Election to Sale of Under Deed of Trust" (hereinafter referred to as "Notice of Breach").

20.    On the Notice of Breach, it stated, in part, that Plaintiff as Trustor, to secure

certain obligations in favor of MERS as Nominee for Deutsche Bank as Trustee for

Morgan Stanley.

21.    It further states that:

That by reason thereof of the present Beneficiary under such
deed of Trust has executed and delivered to said duly

4

_____

Complaint

appointed Trustee a written Declaration of Default and
Demand for Sale and has deposited with said duly appointed
Trustee such Deed of Trust and all documents evidencing
obligations secured thereby and has declared and does
hereby declared all sums secured thereby immediately due
and payable and has elected and does hereby elect to cause
the trust property to be sold to satisfy the obligations served
thereby.

22.     MERS however acted as if it were the actual beneficiary and on information

and belief employed and authorized T.D. Service, to begin foreclosure against the

PROPERTY, and to that end recorded against the PROPERTY and served on PLANTIFF

a Notice of Sale, setting a sale date of September 2, 2009.

23.     PLANTIFF is informed and believes, and thereon alleges, that T.D. Service

intends to conduct the foreclosure and sale of PROPERTY in the County of Los Angeles,

State of California.

24.     MERS also claims to be the holder of the note for the PROPERTY "but" not

The holder Due course, and as such, MERS is fully liable for all damages and injuries

caused to PLANTIFF by the actions of T.D. Service and the resulting injuries and

damages caused thereby to PLANTIFF.

25.     MERS, who was listed on title to the PROPERTY as the Nominee

Beneficiary of New Century, failed to record a new Deed as the Nominee of each and

every successor to its principal's interest in the property, and intentionally failed to identify

said successors in interest , thereby concealing the identity of it principals and misleading

the public, including the PLANTIFF, into believing that New Century was still the

beneficiary.

26.     Based on the failure of MERS to re-record the applicable deed disclosing

the successors to its original principal's interest, PLANTIFF is informed and believes ,

00/00/0000          08:37       FIRST LEGAL SUPPORT          714 341 8782

and thereon alleges, that no agency relationship existed as between New Century and the successive purchasers of the Note and Deed of Trust for the PROPERTY, and by virtue of the non-disclosure, MERS became the Principal of the Trust Deed but not the NOTE thereby serving the two. PLANTIFF further alleges that MERS could not lawfully be an agent for both New Century and each and every successive purchaser of the Note.

27.    As a result of this failure to disclose, and lack of consideration by MERS, PLANTIFF alleges that the Deeds of Trust were either never perfected or failed upon the first sale and are a nullity and unenforceable.

28.    PLANTIFF further alleges that a Deed of Trust cannot lawfully be held by a Nominee who has no financial interest in the instrument without disclosing the identity of the actual Beneficiary, and that if a party with No interest in the Note, and who conceals the identity of the beneficiary records the deed in their name the recorded deed is a nullity and unenforceable for lack of consideration.

29.    PLANTIFF further alleges, that New Century's failure to transfer beneficial interests or to re-record the deed disclosing the identity of the beneficiary as the Note and Deed are sold further renders the Deed recording a nullity or renders New Century fully liable for all damages sustained by PLANTIFF herein.

30.    PLANTIFF is informed and believes that if the Trustee, MERS and Ocwen, represents the interest of the Beneficiary, that the trust relationship has been terminated and therefore a foreclosure would be carried out without providing PLANTIFF substantive and or procedural due process under California Law.

31.    PLANTIFF further alleges that Defendants has been denied her due process rights under State and Federal law to challenge the wrongful foreclosure of the

Complaint

1   Property; that there is a lack of an independent review and determination prior to the

2   foreclosure; and that the conduct of Defendants, and each of them, is restricting the

3   ability and rights of PLANTIFF, as a debtor, to seek relief from the court in preventing the

4   wrongful foreclosure; especially given the bond requirement that is imposed on

5

6   PLANTIFF.

7       32.     In addition, the forms that were used to give Notices to PLANTIFF are

8   defective as they lack the required disclosures and are generally ambiguous, lacking

9   clarity as to the true nature of the party giving said notice.

10

11      33.     That the true identity of the Beneficiary has been and was concealed from

12   PLANTIFF who had a right to know who that beneficiary was.

13      34.     PLANTIFF is unaware of the true names and capacities of the defendants

14   herein as DOES 1through 50, inclusive, and therefore sues said defendants by such

15   fictitious names.  PLANTIFF will seek leave to amend this Complaint to allege the true

16

17   names and capacities of said defendants when the same are ascertained.  PLANTIFF is

18   informed and believes, and thereon alleges, that each of said fictitiously named

19   defendants is in some manner responsible and liable for the events transactions, and

20   claims hereinafter described, and for the injuries and damages to PLANTIFF as set forth

21   below. Whenever reference is made to "Defendants" herein, it is intended to include the

22   defendants and DOES 1-50.

23

24                 **FIRST CAUSE OF ACTION**
                   (Violation of 15 U.S.C. § 1611 et seq.)
25                      Against all Defendants

26

27      35.    Plaintiff repeat and realleges Paragraphs 1 through 34 as though fully set

28   forth herein.

36.   On information and belief, Plaintiff allege that Defendants and each of them are directly or indirectly agents or employees or persons actively involved in the extension of credit as the term is defined under the Truth in Lending Statute (TILA).

37.   On information and belief, Plaintiff allege that Defendants and each of them are subject to the requirements of the Truth in Lending Statute (TILA) and have violated the requirements of the act in that among other things:

A.   They have refused and continued to refuse to validate or otherwise make a full accounting and the required disclosures as to the true finance charges and fees;

B.   They have improperly retained funds belonging to Plaintiff in amounts to be determined;

C.   To disclose the status of the ownership of the loans.

38.   Plaintiff further alleges that these violations are such as to require rescission or cancellation of the loan herein and return of all funds received by Defendants from Plaintiff.

39.   Plaintiff further alleges that they are entitled to compensatory damages in an amount to be determined at trial.

40.   Plaintiff further alleges that they are entitled to attorneys fees according to statute in the event that they retain counsel.

41.   On information and belief, Plaintiff allege that Defendants have acted in violation of the TILA act, willfully, maliciously, oppressively and fraudulently and in conscious disregard for the rights of Plaintiff and as such, Plaintiff is entitled to punitive damages.

8

Complaint

## SECOND CAUSE OF ACTION
### (Violation of 26 U.S.C. § 2605 et seq.)
### Against Defendants New Century and Ocwen

42.   Plaintiff repeats and realleges Paragraphs 1 through 34 as though fully set forth herein.

43.   Based upon information and belief, and on that basis Plaintiff allege that Defendants and each of them are such that they fall within the requirements of the Real Estate Settlement Procedures Act (RESPA).

44.   Based upon information and belief, and on that basis Plaintiff allege that Defendants and each of them, placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned.

45.   Based upon information and belief, and on that basis Plaintiff allege that Defendants New Century and Ocwen either individually or jointly as "Servicers" as that term is used with the RESPA act and either individually or jointly violated the requirements of 26 U.S.C. § 2605(B) in that the servicing contract or duties thereunder were transferred or hypothecated without the required notice.

46.   Plaintiff allege that these violations require rescission or cancellation of the loan and a return of all funds received by Defendants from Plaintiff.

47.   Plaintiff further alleges that they are entitled to compensatory damages in an amount to be determined at trial.

48.   Plaintiff further alleges that they are entitled to attorneys fees according to statute in the event that they retain counsel.

## THIRD CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1602 et seq.)

9

Complaint

Against Defendants
New Century, Ocwen and T.D. Services.

49.    Plaintiff repeats and realleges Paragraphs 1 through 34 as though fully set forth herein.

50.    Based upon information and belief, and on that basis Plaintiff allege that the mortgage obtained by them through Defendant New Century by means unknown obtained and enforced by other Defendants herein falls within the purview of 15 U.S.C. § 1602 et seq., commonly known as the "Home Ownership and Equity Protection Act of 1994 (HOEPA).

51.    Based upon information and belief, and on that basis Plaintiff allege that the loan was placed In violation of the HOEPA act as it was placed and administered and otherwise utilized without regard to Plaintiff's income or cash flow and with the intention of inducing a default.

52.    Plaintiff became aware of this upon the discovery of Defendants' intent to wrongfully foreclose and sell their property.

53.    As a direct and a legal consequence of the above actions, Plaintiff has been damaged in a sum to be proven at trial.

## FOURTH CAUSE OF ACTION
(Violation of 15 U.S.C. § 1692)
New Century, Ocwen, T.D. Services

54.    Plaintiff repeats and realleges Paragraphs 1 through 34 as though fully set forth herein.

55.    Based upon information and belief, and on that basis Plaintiff allege that Defendants and each of them are "debt collectors" either directly or through agents as that term is used in the United States Code.

10

Complaint

56.     Plaintiff allege that they duly and properly on more than one occasion requested validation of the "debt" under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act (FDCPA).

57.     Plaintiff further alleges that Defendants did not respond to their demands in such a ways as to meet the requirements of the act.

58.     Plaintiff is entitled to statutory damages under the FDCPA.

### FIFTH CAUSE OF ACTION
(Breach of Fiduciary Duty)
Against all Defendants

59.     Plaintiff repeats and realleges Paragraphs 1 through 34 as though fully set forth herein.

60.     At all times relevant, Defendants created, accepted and acted in a fiduciary relationship of great trust and acted for and were the processors of property for the benefit of Plaintiff.

61.     Defendants further placed themselves in a position of trust by virtue of the expertise represented by and through their employees.

62.     Defendants breached their fiduciary duties owed to Plaintiff as they have acted and continue to act for their own benefit and to the detriment of Plaintiff.

63.     Among other things, they have placed and negotiated loans without due care to the best interests of Plaintiff or for the protection of her rights.

64.     As a direct and proximate result of the breach of the fiduciary duties, Plaintiff has suffered economic damages and loss of funds and payment of fees improperly incurred in an amount to be proved at trial.

65.     On information and belief, Plaintiff allege that Defendants have acted

willfully, maliciously, oppressively and fraudulently and in conscious disregard for the

rights of Plaintiff and as such, Plaintiff is entitled to punitive damages.

## SIXTH CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)
### Against all Defendants

66.   Plaintiff repeats and realleges Paragraphs 1 through 34 as though fully set

forth herein.

67.   Plaintiff allege that at all times there existed an implied covenant of good

faith and fair dealing requiring Defendants, and each of them, to safeguard, protect, or

otherwise care for the assets and rights of Plaintiff.  Said covenant prohibited Defendants

from activities interfering with or contrary to the rights of Plaintiff.

68.   Plaintiffs allege that the commencement of foreclosure proceedings upon

the property lawfully belonging to Plaintiff without the production of documents

demonstrating the lawful rights for the foreclosure constitutes a breach of the covenant.

69.   As a direct and proximate result, Plaintiff has been damaged in a sum to be

proven at trial.

## SEVENTH CAUSE OF ACTION
### (Injunctive Relief)
### Against all Defendants

70.   Plaintiff repeats and realleges Paragraphs 1 through 34 as though fully set

forth herein.

71.   Plaintiff seeks a determination as to the legal status of the parties to the

Adjustable Rate Note and the Deed of Trust.

72.   The Adjustable Rate Note states that the Lender is New Century Mortgage

Corp.

Complaint

73. It also states, "Lender or anyone who takes this Note by transfer and who is entitled to receive payment under this Note is called the "Note Holder."

74. The Notice of Breach signed on May 6, 2009 and filed with the Los Angeles County Recorder states, a deed of trust and on the second page of the Notice of Breach, it states, "To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason contact: "MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL 1 INC. TRUST 2007-NC4" C/O T.D. Service

74. There is a controversy to be decided by this Honorable Court as on or about February 2007, Plaintiff received correspondence stating that the money is owed to New Century, but on or about May 7, 2009, the Notice of Breach states to contact MERS for the amount owed.

75. Additionally, based upon information and belief, New Century has not qualified to do business in the state of California and therefore, would not have standing to seek non-judicial remedies as well as judicial remedies.

76. Defendants should be required to provide the original note with the appropriate endorsements thereon to Plaintiff or this Honorable Court so that it may determine under Cal. Civ. Code Sec 2924, who owns the right to receive payments on loan number 0094922234 and exercises the rights relating to said ownership.

77. Only the Note Holder is authorized to collect payments and, in the event of a default, commence foreclosure proceedings, including authorizing the substitution of a Trustee.

Complaint

00/00/0000        08:37        FIRST LEGAL SUPPORT        714-541-8182

78.  Further, the Notice of Breach states that:

That by reason thereof of the present Beneficiary under such deed of Trust has executed and delivered to said duly appointed Trustee a written Declaration of Default and Demand for Sale and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declared all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations served thereby.

79.  Until Defendants are able to provide Plaintiff and this Honorable Court the aforementioned documents, this Honorable Court should order that Plaintiff is not required to make any further payments on the Adjustable Rate Note and enjoin any further collection activity on the Note, including staying the count down towards the date a Notice of Trustee's sale may be filed and served.

## EIGHTH CAUSE OF ACTION
(Injunctive Relief)
Against all Defendants

80.  Plaintiff repeats and realleges Paragraphs 1 through 34 as though fully set forth herein.

81.  Plaintiff is the owner in fee simple of the real property located at 735 Montana St. Monrovia, Ca. 91016  and more particularly described as:

Lot (2) OF Tract No. 61873, In the City of Monrovia, In the County of Los Angeles, State of California, As Per Map Recorded in Book 1304 Pages 1 to 3 Inclusive of Maps, In the office of the County Recorded of Said County.

APN: 8507-010-069

82.  Plaintiff received the fee simple title by virtue of the Grant, Bargain, Sale Deed recorded in the Office of the County Recorder, Los Angeles County, California on or about February 5, 2007.

14

Complaint

00/00/0000        08:37    FIRST LEGAL SUPPORT              714 541 P 182

83.    Defendants Ocwen, New Century, MERS and Deutsche Bank claim an interest or estate in the Plaintiff's property disputing or denying Plaintiff's rights to ownership and by contending that their ownership is or will be with Defendants by means of a Trustee's sale.

84.    Plaintiff allege that Defendants Ocwen, New Century, Mers and Deutsche Bank have no such right, title or interest in the estate of the Property in that the Trustee's sale proposed will be fraudulent or otherwise in violation of federal and state law and transfer no rights to Defendants.

85.    Defendants have wrongfully interfered with or threaten to interfere with Plaintiff's use and enjoyment of the Property in that they threaten to dispossess her.

86.    Defendants' threats to dispossess Plaintiff of her home will continue unless and until enjoined or restrained by this Honorable Court.

87.    Failure to enjoin or restrain Defendants will cause Plaintiff grave and irreparable harm as she will be deprived of the use and enjoyment of unique property.

88.    Plaintiff has no adequate remedy at law for the threatened and continuing conduct of the impending Trustee's sale. The sale of Plaintiff's home will not be properly compensated by an award of money damages.

89.    Plaintiff further alleges that the conduct herein described is of such a nature and character to give them title to the Property

### NINTH CAUSE OF ACTION
(For Declaratory Relief)
Against all Defendants

90.    Plaintiff repeats and realleges Paragraphs 1 through 34 as though fully set forth herein.

15

Complaint

00/00/0000     08:37   FIRST LEGAL SUPPORT     714 541 8182

91.     A dispute has arisen between and among Plaintiff and Defendants and each of them as to the duties and obligations of the respective parties with regard to the loan or the foreclosure.

92.     These disputes concern but are not limited to the ownership rights and the validity of the commencement of the foreclosure process.

93.     As to these issues, Plaintiff is required to seek this relief.

94.     Plaintiff further alleges that a declaration of rights and duties of the parties herein are essential to determine the actual status and validity of the loan, deed of trust, nominated beneficiaries, actual beneficiaries, loan servicers, trustees instituting foreclosure proceedings and related matters.

WHEREFORE, Plaintiff prays for damages as follows:

1.     For compensatory damages in an amount in excess of One Hundred Fifty Thousand Dollars;

2.     For punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars

3.     For any statutory damages according to law;

4.     For Injunctive Relief including the issuance of a restraining order and thereafter a preliminary injunction to maintain the status quo pending final adjudication;

5.     For attorney's fees in the event that counsel is retained;

6.     For such further and other relief as the Court deems just and proper.

DATED this _____ day of March, 2010.

Deborah R. Lewis

Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT "A"
## First & Second Page of Trust Deed

25
26
27
28

Complaint

FIDELITY NATIONAL TITI :OMPANY

Recording Requested By:
New Century Mortgage
Corporation
Return To:
New Century Mortgage
Corporation
18400 Von Karman, Ste 1000
Irvine, CA 92612

02/05/07

**20070248458**

Prepared By:
New Century Mortgage
Corporation
18400 Von Karman, Ste 1000
Irvine, CA 92612

7751012343MB
Apn: 0507·010·069

[Space Above This Line For Recording Data]

## DEED OF TRUST

MIN 100488910120730345

20

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated January 30, 2007
together with all Riders to this document.
(B) "Borrower" is TRACY Y. LEWIS and DEBORAH R. LEWIS as Joint Tenants
a single woman          a single woman

Borrower's address is 14540 KING CANYAN RD , Victorville, CA 92395
. Borrower is the trustor under this Security Instrument.

(C) "Lender" is New Century Mortgage Corporation

Lender is a Corporation
organized and existing under the laws of California

1012073034

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS          Form 3005 1/01

-6A(CA) (0207)
Page 1 of 15

Initials TL

VMP MORTGAGE FORMS - (800)521-7291

Page 2
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

T.S. No: F388176 CA     Unit Code: F     Loan No: 2000259963/LEWIS
Min No: 100488910120730345
AP #1: 8507-010-069

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-NC4
c/o T.D. Service Company
1820 East First Street # 210
Santa Ana, CA 92705
(800 843 0260)

If you have any questions, you should contact a lawyer or the government agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION**
NOTICE IS HEREBY GIVEN THAT: T.D. SERVICE COMPANY is duly appointed Trustee under the following described Deed of Trust:

**Trustor:** TRACY Y. LEWIS, DEBORAH R. LEWIS

Recorded February 5, 2007  as Instr. No. 20070248458  in Book --- Page --- of Official Records in the office of the Recorder of LOS ANGELES County; CALIFORNIA

Said Deed of Trust secures certain obligations including one Note for the sum of **$488,000.00**

That the Beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of: **THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE MAY 1, 2008 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST. PLUS ESCROW DEFICIT IN THE AMOUNT OF $8,457.48. PLUS MISCELLANEOUS FEE(S) IN THE AMOUNT OF $1,838.18.**

That by reason thereof, the present Beneficiary under such Deed of Trust has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby. The undersigned mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code § 2923.5(b) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil code 2923.5.

00/00/0000          08:37       FIRST LEGAL SUPPORT          714 541 8162

# EXHIBIT "B"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Ocwen Loan Servicing, LLC; New Century Mortgage Corp.; Deutsche Bank
National Trust Co.; Mortgage Electronic Registration System, Inc.; Morgan
Stanly ABS Capital 1, Inc.; T.D. Service Co.; and Does 1-X Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Deborah R. Lewis , an individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ORIGINAL FILED**

MAR 03 2010

LOS ANGELES
SUPERIOR COURT
NORTHEAST DISTRICT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* Pasadena Superior Courthouse | *(Número del Caso):* |
| 300 East Walnut Street | GC044761 |
| Pasadena, CA 91101 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Deborah R. Lewis., 735 Montana Street, Monrovia, CA 91016

| DATE: 03/03/2010 | JOHN A. CLARKE | Clerk, by | CYNTHIA GONZALEZ | , Deputy |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

00/00/0000                 08:37          FIRST LEGAL SUPPORT              714 941 8182

ORIGINAL FILED

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

Reserved for Clerk's File Stamp

MAR 03 2010

LOS ANGELES
SUPERIOR COURT
NORTHEAST DISTRICT

COURTHOUSE ADDRESS:
300 EAST WALNUT STREET, PASADENA, CALIFORNIA 91101

PLAINTIFF

DEFENDANT

CASE NUMBER

GC044751

**NOTICE OF CASE MANAGEMENT CONFERENCE**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date AUG 0 2 2010 | Time 8:30 a.m. | Dept. | NEP NER NES |

NEP—JAN A. PLUIM
NER—C. EDWARD SIMPSON
NES—JOSEPH F. DE VANON

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: MAR 03 2010

MARY THORNTON HOUSE
Judicial Officer

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

JOHN A. CLARKE, Executive/Officer Clerk

By _CYNTHIA GONZALEZ_
Deputy Clerk

Dated: MAR 03 2010

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
### [CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.
>
> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
>
> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.
>
> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

00/00/0000       08:37     FIRST LEGAL SUPPORT         714 541 9782

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

## STIPULATION TO PARTICIPATE IN
## ALTERNATIVE DISPUTE RESOLUTION (ADR)

001 10-04
? Approved
01-07)

Cal. Rules of Court, rule 3.221
Page 1 of 2

00/00/0000          08:37      FIRST LEGAL SUPPORT          714 941 8182

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

**Asian-Pacific American Dispute Resolution Center**
**(213) 250-8190**
(Spanish & Asian languages capability)

**California Academy of Mediation Professionals**
**(818) 377-7250**

**Center for Conflict Resolution**
**(818) 380-1840**

**Inland Valleys Justice Center**
**(909) 397-5780**
(Spanish language capability)

**Office of the Los Angeles City Attorney Dispute Resolution Program**
**(213) 485-8324**
(Spanish language capability)

**Los Angeles County Bar Association Dispute Resolution Services**
**toll free number 1-877-4Resolve (737-6583) or (213) 896-6533**
(Spanish language capability)

**Los Angeles County Department of Consumer Affairs**
**(213) 974-0825**
(Spanish language capability)

**The Loyola Law School Center for Conflict Resolution**
**(213) 736-1145**
(Spanish language capability)

**Martin Luther King Legacy Association Dispute Resolution Center**
**(323) 290-4132**
(Spanish language capability)

**City of Norwalk**
**(562) 929-5603**

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

---

## THIS IS A TWO-SIDED DOCUMENT.

ADR 007 07-04
LASC Approved

Page 1 of 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| — Deborah R. Lewis, 735 Montana Street, Monrovia, CA 91016 | **ORIGINAL FILED** |

TELEPHONE NO.: (626) 283-3322      FAX NO.:
ATTORNEY FOR (Name): Deborah R. Lewis

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 300 East Walnut Street
MAILING ADDRESS:
CITY AND ZIP CODE: Pasadena, 91101
BRANCH NAME: Northeast District

**MAR 03 2010**

**LOS ANGELES**
**SUPERIOR COURT**
**NORTHEAST DISTRICT**

CASE NAME:
Lewis V. Ocwen Loan Servicing, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: SC044761 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder | JUDGE: |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[✓] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify):
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 03/03/2010
Deborah R. Lewis

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE | CASE NUMBER |
|---|---|
| Lewis v. Ocwen Loan Servicing, LLC | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL ___ ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br><br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br><br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

00/00/0000          08:37      FIRST LEGAL SUPPORT          714 541 8182

| SHORT TITLE | CASE NUMBER |
|---|---|
| Lewis v. Ocwen Loan Servicing, LLC | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3<br>10. |
| **Contract** | Breach of Contract/Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☑ A6032  Quiet Title<br>☑ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5 |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 2 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| Lewis V. Ocwen Loan Servicing, LLC | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | [ ] A6151   Writ - Administrative Mandamus<br>[ ] A6152   Writ - Mandamus on Limited Court Case Matter<br>[ ] A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | [ ] A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | [ ] A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | [ ] A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | [ ] A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | [ ] A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | [ ] A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | [ ] A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | [ ] A6141   Sister State Judgment<br>[ ] A6160   Abstract of Judgment<br>[ ] A6107   Confession of Judgment (non-domestic relations)<br>[ ] A6140   Administrative Agency Award (not unpaid taxes)<br>[ ] A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>[ ] A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | [ ] A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | [ ] A6030   Declaratory Relief Only<br>[ ] A6040   Injunctive Relief Only (not domestic/harassment)<br>[ ] A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>[ ] A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | [ ] A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | [ ] A6121   Civil Harassment<br>[ ] A6123   Workplace Harassment<br>[ ] A6124   Elder/Dependent Adult Abuse Case<br>[ ] A6190   Election Contest<br>[ ] A6110   Petition for Change of Name<br>[ ] A6170   Petition for Relief from Late Claim Law<br>[ ] A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE Lewis V. Ocwen Loan Servicing, LLC | CASE NUMBER |
|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 735 Montana Street Monrovia, CA 91016 |
|---|---|
| ☐1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY Monrovia | STATE CA | ZIP CODE 91016 | |
|---|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Pasadena _____ courthouse in the Northeast _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0. subds. (b), (c) and (d)).

Dated: 03/03/2010 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT "C"

MC-050

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):

E. SAMUEL JOHNSON, III - STATE BAR#134647
ATTORNEY AT LAW
2468 MOHAWK STREET, SUITE 210
PASADENA, CALIFORNIA 91107
TELEPHONE NO: (626) 584-6628    FAX NO. (Optional): (626) 793-5251
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF, DEBROAH R. LEWIS

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 300 E. WALNUT STREET
MAILING ADDRESS: 300 E. WALNUT STREET
CITY AND ZIP CODE: PASADENA, 91101
BRANCH NAME: NORTHEAST JUDICIAL DISTRICT

**FOR COURT USE ONLY**

FILED
LOS ANGELES SUPERIOR COURT

MAR 22 2010

JOHN A. CLARKE, CLERK

BY C.H. GONZALEZ, DEPUTY

**CASE NAME:**
LEWIS V. OCWEN LOAN SERVICING, LLC, ET AL.

**SUBSTITUTION OF ATTORNEY—CIVIL**
(Without Court Order)

**CASE NUMBER:**
GC044761

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): PLAINTIFF, LEWIS    makes the following substitution:

1. Former legal representative ☐ Party represented self ☑ Attorney (name): SAME AS ABOVE
2. New legal representative ☐ Party is representing self ☑ Attorney
   a. Name: SAME AS ABOVE    b. State Bar No. (if applicable): SAME AS ABOVE
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
      SAME AS ABOVE

   d. Telephone No. (include area code): SAME AS ABOVE
3. The party making this substitution is a ☑ plaintiff ☐ defendant ☐ petitioner ☐ respondent ☐ other (specify):

---

**NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**

A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: MARCH 19, 2010
   DEBORAH R. LEWIS
   (TYPE OR PRINT NAME)    ► (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date: MARCH 19, 2010
   DEBORAH R. LEWIS
   (TYPE OR PRINT NAME)    ► (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date: MARCH 19, 2010
   DEBORAH R. LEWIS
   (TYPE OR PRINT NAME)    ► (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)

**SUBSTITUTION OF ATTORNEY—CIVIL**
(Without Court Order)

Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2009]

Code of Civ. Procedure, §§ 284(1), 285, Cal. Rules of Court, rule 3.1362

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE BY MAIL
### (CCP §§ 1013a, 2015.5)

STATE OF CALIFORNIA )
        ) ss.
COUNTY OF LOS ANGELES )

 I am employed in the County of Los Angeles, State of California.

 I am over the age of 18 and not a party to the within action.

 My business address is 2468 Mohawk Street, Suite 210, Pasadena, California 91107.

 On 03/22/10 I served a copy of the following document described as: SUBSTITUTION OF ATTORNEY-CIVIL; NOTICE OF PENDENCY OF ACTION in a sealed envelope with postage fully prepaid in the United States mail at Los Angeles, California and addressed as follows:

SEE ATTACHMENT A

 I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this 22nd day of March, 2010 at Pasadena, California.

HELEN J. CHAVEZ

PROOF OF SERVICE

## ATTACHMENT A

DEUTSCHE BANK NATIONAL TRUST COMPANY
1761 E. SAINT ANDREW PLACE
SANTA ANA, CA 92705

T.D. SERVICE COMPANY
1820 E. 1ST STREET, SUITE 210
SANTA ANA, CA 92705

NEW CENTURY MORTGAGE CORPORATION
575 ANTON BOULEVARD, 3RD FLOOR
COSTA MESA, CA 92626

OCWEN LOAN SERVING, LLC
2730 GATEWAY OAK DRIVE
SACRAMENTO, CA 95833

MORGAN STANLEY ABS CAPITAL 1, INC.
1221 AVENUE OF THE AMERICA, #35 FLOOR
NEW YORK, NY 10020

MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.
3300 SOUTHWEST 34TH AVENUE, SUITE 101
OCALA, FL 34474

00/00/0000   00:37   FIRST LEGAL SUPPORT   71434* Pg 82

# EXHIBIT  "D"

1    Richard S. Stone  (CA Bar # 60068)
     Law Office of Richard S. Stone
2    1900 S Norfolk Street, Ste 350
     San Mateo, CA 94043
3    Tel:  (650) 577-2333
     Fax:  (650) 577-2334
4

5    Attorney for Defendant:  T.D. SERVICE COMPANY

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                       FOR THE COUNTY OF LOS ANGELES

9

10   Deborah R. Lewis, an individual,        )    CASE NO.  GC044761
                                             )
11              Plaintiff,                    )
                                             )    DISCLAIMER AND DECLARATION
12   vs                                       )    OF NON-MONETARY STATUS OF
                                             )    DEFENDANT TD SERVICE COMPANY
13   Ocwen Loan Servicing, LLC, New           )    PURSUANT TO CIVIL CODE SECTION
14   Century Mortgage Corp,; Deutsche Bank    )    29241
     National Trust Co.; Mortgage Electronic  )
15   Registration Systems, Inc.; Morgan Stanley )
     ABS Capital 1, Inc.; T.D. Service Co.; and )
16   Does 1-X, inclusive,                     )
                                             )
17              Defendants                    )
                                             /
18

19       TD Service Company of Arizona, dba and named in the Complaint as "TD Service

20   Company," ("TD"), hereby disclaims any financial interest in the subject promissory note and in

21   the subject property, as described in Plaintiff's Complaint, and makes this "Declaration of Non-

22

23   monetary Status" ("Declaration") as provided by California Civil Code Section 29241. The

24   Declaration is made on the following grounds, as called for by the above statute.

25       1.  TD was substituted as trustee, and has acted as trustee, in a "Deed of Trust" which is

26   a lien on the subject property described in Plaintiffs' Complaint ("Complaint") and TD may

27

28   DISCLAIMER AND DECLARATION OF NON-MONETARY STATUS OF
     DEFENDANT TD SERVICE COMPANY PURSUANT TO CIVIL CODE SECTION
                                  2924 1

                                     1

1   have acted as the agent of the beneficiary in undertaking certain acts as authorized by Civil Code

2   sections 2924 et seq.

3       2. Although TD is named as a defendant in the Complaint the Complaint does not allege

4   or describe any specific wrongful act by TD, and describes only acts that would have been, and

5   
6   were, taken by TD in its role as trustee and agent for the beneficiary.

7       3. TD maintains the reasonable belief, based upon the allegations of the Complaint and

8   upon the files and records of TD, that TD has been named in the Complaint and brought into the

9   action as a defendant solely because it acted as trustee under the Deed of Trust and as agent for

10  the beneficiary in regard to the non-judicial foreclosure on the subject property and Loan.

11  
12      4. The basis of the belief of TD in this matter, upon which it bases this Disclaimer and

13  Declaration, is that the Complaint alleges no specific wrongful act by TD, that TD had no

14  involvement in making the Loan, assigning the Loan, or in servicing the Loan, and that TD has

15  never had any financial or ownership interest in the subject promissory note or in the property

16  described as security for the debt described in the Complaint.

17  
18      5. TD hereby agrees to be bound, as called for by Section 2924l, by whatever non-

19  monetary order or judgment is entered by the court regarding the subject Deed of Trust.

20      I, Richard S. Stone, am a vice president of TD Service Company and authorized to make

21  this Declaration on its behalf.  I have read the Declaration and the same is true of my own

22  knowledge, and if called as a witness I could and would testify competently thereto.

23  ///

24  ///

25  ///

26  

27  

28  
**DISCLAIMER AND DECLARATION OF NON-MONETARY STATUS OF
DEFENDANT TD SERVICE COMPANY PURSUANT TO CIVIL CODE SECTION
2924 l**

2

1   I declare under penalty of perjury under the laws of the State of California that the

2   foregoing is true and correct.  Executed this 18th day of March 2010.

5   Richard S. Stone
    Attorney for Defendant TD Service Company

28

**DISCLAIMER AND DECLARATION OF NON-MONETARY STATUS OF
DEFENDANT TD SERVICE COMPANY PURSUANT TO CIVIL CODE SECTION
2924 1**

3

1   **Richard S. Stone  (CA Bar # 60068)**
    Law Office of Richard S. Stone
2   1900 S Norfolk Street, Ste 350
    San Mateo, CA 94043
3   Tel: (650) 577-2333
    Fax: (650) 577-2334
4

5   Attorney for Defendant:  T.D. SERVICE COMPANY

6

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    FOR THE COUNTY OF LOS ANGELES

9

10  Deborah R. Lewis, an individual,        )   CASE NO.  GC044761
                                            )
11               Plaintiff,                 )
                                            )
12  vs                                      )
                                            )
13  Ocwen Loan Servicing, LLC, New          )
14  Century Mortgage Corp,; Deutsche Bank   )   PROOF OF SERVICE
    National Trust Co.; Mortgage Electronic )
15  Registration Systems, Inc.; Morgan Stanley )
    ABS Capital 1, Inc.; T.D. Service Co.; and )
16  Does 1-X, inclusive,                    )
                                            )
17               Defendants                 )
                                            /
18

19

20      I am over the age of eighteen years and not a party to the within action. My business

21  address is 1900 S Norfolk Street, Ste 350, San Mateo, California 94403.

22      On 3/19/10     , I served the within DISCLAIMER AND DECLARATION OF

23  NONMONETARY STATUS OF DEFENDANT  T.D. SERVICE COMPANY PURSUANT TO

24  CIVIL CODE SECTION 29241 and this PROOF OF SERVICE to the parties by placing a true

25  copy of said document in a sealed envelope, postage pre-paid, and deposited with the United

26  States Mail addressed to the parties as follows:

27

28

                            **PROOF OF SERVICE**

1    Deborah Lewis
     735 Montana Street
2    Monrovia, CA 91016

3        I am "readily familiar" with the firm's practice of collecting and processing

4    correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal

5    Service on that same day with postage thereon fully prepaid at San Mateo, California, in the

6

7    ordinary course of business.  I am aware that on motion of the party served, service is presumed

8    invalid if postal cancellation date or postage meter date is more than one day after the date of

9    deposit for mailing as stated above.  I declare under penalty of perjury that I am employed in the

10   office of a member of the bar of this Court at whose direction this service was made.

11

12   Dated:  3/19/10

13                                                  Maria R. Samuelsen

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

# EXHIBIT "E"

# Case Summary

**Case Number:** GC044761
DEBORAH R. LEWIS VS. OCWEN LOAN SERVICING, LLC

**Filing Date:** 03/03/2010
**Case Type:** Quiet Title (General Jurisdiction)
**Status:** Pending

## Future Hearings

**08/02/2010** at 08:30 am in department R at 300 East Walnut Ave., Pasadena, CA 91101
Conference-Case Management

Documents Filed | Proceeding Information

## Parties

DEUTSCHE BANK NATIONAL TRUST CO. - Defendant

DOES 1 - X INCLUSIVE - Defendant

JOHNSON III E. SAMUEL - Attorney for Plaintiff

LEWIS DEBORAH R. - Plaintiff

MORGAN STANLEY ABS CAPITAL 1 INC. - Defendant

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS - Defendant

NEW CENTURY MORTGAGE CORP. - Defendant

OCWEN LOAN SERVICING LLC - Defendant

STONE RICHARD S. LAW OFFICE OF - Attorney for Defendant

T.D. SERVICE CO. - Defendant

Case Information | Party Information | Proceeding Information

## Documents Filed (Filing dates listed in descending order)

**03/23/2010** Proof of Service Filed
Filed by Attorney for Defendant

**03/23/2010** Miscellaneous-Other (DISCLAIMER & DECLARATION OF NON-MONETARY STATUS OF DEFT )

00/00/0000        08:37      FIRST LEGAL SUPPORT           714 541 8182

Los Angeles Superior Court - Civil Case Summary                    Page 2 of 2

Filed by Attorney for Defendant

**03/22/2010** Substitution of Attorney
Filed by Attorney for Plaintiff

**03/05/2010** Notice (OF PENDENCY OF ACTION DISAPPROVED. NO ALLEGATION
THAT PROPERTY HAS BEEN SOLD AT A FORECLOSURE SALE. THEREFORE NO
DISPUTE AS TO PRESENT OWNERSHIP OF PROPERTY)
Filed by Plaintiff & Plaintiff in Pro Per

**03/03/2010** Complaint Filed

---

Case Information  |  Party Information  |  Documents Filed

**Proceedings Held** (Proceeding dates listed in descending order)
None

---

Case Information  |  Party Information  |  Documents Filed  |  Proceeding Information

# PROOF OF SERVICE

I, Marilee V. Johnson, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On April 1, 2010, I served the within **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(b)** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**[SEE ATTACHED MAILING LIST]**

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand delivered to the office of the addressee.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]   (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[X]   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 1, 2010, at Newport Beach, California.

_Marilee V. Johnson_
Marilee V. Johnson

-1-

1   [ATTACHED MAILING LIST]

2

3   E. Samuel Johnson, III
    Attorney at Law
4   2468 Mohawk Street, Suite 210
    Pasadena, CA  91107
5   (626) 584-6628;  FAX (626) 793-5251
6   *Attorney for Plaintiff*

7

8   Richard S. Stone, Esq.
    Law Office of Richard S. Stone
9   1900 S. Norfolk Street, Suite 350
    San Mateo, CA  94403
10  (650) 577-2333

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>DEBORAH R. LEWIS | **DEFENDANTS**<br>OCWEN LOAN SERVICING, LLC; NEW CENTURY MORTGAGE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; DEUTSCHE BANK NATIONAL TRUST CO., AS TRUSTEE; TD SERVICE CO. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>E. Samuel Johnson, III, Esq., SBN 134647<br>2468 Mohawk St. Suite 210, Pasadena, CA 91107<br>(626) 584-6628 | Attorneys (If Known)<br>WRIGHT, FINLAY & ZAK, LLP<br>T. Robert Finlay, Esq., SBN 167280<br>Robert B. Norum, Esq., SBN 240301<br>4665 MacArthur Court, Suite 280, Newport Beach, CA 92660 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III.)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 300,000.00 +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
TILA (15 U.S.C. § 1611, et seq.), RESPA (12 U.S.C. § 2601, et seq.), HOEPA (15 U.S.C. § 1602, et seq.), FDCPA (15 U.S.C. § 1692, et seq.).

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☒ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____ CV 10-2404 SJO (Ex)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (Deutsche Bank National Trust Co.)<br>Orange (TD Service Co.)<br>Orange (New Century Mortgage Co.) | Florida (Ocwen)<br>Delaware/Virginia (MERS) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date April 1, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08) — CIVIL COVER SHEET — Page 2 of 2

**PROOF OF SERVICE**

I, Marilee V. Johnson, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On April 1, 2010, I served the within **CIVIL COVER SHEET** on all interested parties in this action as follows:

[X]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**[SEE ATTACHED MAILING LIST]**

[X]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]    (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand delivered to the office of the addressee.

[ ]    (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]    (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[X]    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 1, 2010, at Newport Beach, California.

*Marilee V. Johnson*

Marilee V. Johnson

-1-

PROOF OF SERVICE

**[ATTACHED MAILING LIST]**

E. Samuel Johnson, III
Attorney at Law
2468 Mohawk Street, Suite 210
Pasadena, CA  91107
(626) 584-6628;  FAX (626) 793-5251
*Attorney for Plaintiff*

Richard S. Stone, Esq.
Law Office of Richard S. Stone
1900 S. Norfolk Street, Suite 350
San Mateo, CA  94403
(650) 577-2333

-2-

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV10- 2404 SJO (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.